UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61034-CIV-UNGARO/SIMONTON

SATISFACTION SERVICES OF
NEW ENGLAND, LLC,

    Plaintiff,

v.

SATISFACTION SERVICES
FLC, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO COMPEL

This matter is before the Court upon Defendants' Motion to Compel Attendance at Deposition (DE # 18). The Honorable Ursula Ungaro, United States District Judge, has referred Defendants' Motion to the undersigned United States Magistrate Judge to take all necessary and proper action (DE # 19). Mr. Wittner has filed a response to Defendants' Motion (DE # 21), and Defendants have filed a Reply (DE # 23). On June 9, 2011, the undersigned held a telephonic hearing on Defendants' Motion, at which Defendants and Mr. Wittner were represented by counsel. After hearing from the parties and a review of the record as a whole, and for the reasons stated below and at the hearing, Defendants' Motion is granted, in part, and denied, in part.

I.     Background

The parties entered arbitration after a business dispute arose among them in connection with a license and distribution agreement (DE ## 1, 8). Following the arbitration, the Court confirmed an arbitration award in favor of Defendants and entered Final Judgment (DE ## 13, 14).[1]

---

[1] The Court subsequently confirmed a Supplemental Award of Arbitrator and amended its Final Judgment accordingly (DE ## 26, 27).

Subsequent to Final Judgment, on January 12, 2011, Defendants noticed a deposition of Dan Wittner for February 2, 2011. The deposition notice was served on Plaintiff's counsel (DE # 18 at 2). Mr. Wittner never responded to the notice or appeared at the deposition (DE # 18 at 3). Also on January 12, 2011, Plaintiff's counsel filed a Motion to Withdraw (DE # 12), which was granted by the Court on January 14, 2011 (DE # 15).

II.   Defendants' Motion

Thereafter, Defendants filed a Motion to Compel Attendance at Deposition, requesting that Mr. Wittner be compelled to appear at the deposition noticed by Defendants. Defendants describe Mr. Wittner in their Motion as Plaintiff's principal, member, and managing partner. The Findings of Fact and Conclusions of Law and Incorporated Award of the Arbitrator describe Mr. Wittner as a principal of Plaintiff and primary representative of Plaintiff in relation to the disputed issues in this case (DE # 10 at 11). Defendants seek, in part, to identify assets to satisfy the Final Judgment (DE # 18 at 2). Defendants additionally request expenses in connection with their Motion (DE # 18 at 3).

On March 11, 2011, Mr. Wittner responded to Defendants' Motion by way of letter directly to the Court (docketed by the Court as DE # 21). Mr. Wittner acknowledges that he was a "former principal" of Plaintiff, but emphasizes that he was not a party to the suit, and challenges the propriety of Defendants' deposition notice. He notes that he resides in Massachusetts and requests that the Court compel Defendants to issue a subpoena to Mr. Wittner in accordance with applicable procedural rules (DE # 21 at 1). At the hearing, counsel for Mr. Wittner reiterated this argument, although he emphasized that Mr. Wittner had no objection to providing a deposition in Massachusetts, if he were subpoenaed to do so. Counsel also stated that he would accept service of the subpoena on behalf of Mr. Wittner.

In reply, Defendants assert that Mr. Wittner has not identified any proper basis for failing to appear for deposition as noticed (DE # 23 at 1). Defendants contend that Mr. Wittner has already availed himself of this Court's jurisdiction, through the original filing of Plaintiff's action against Defendants, and by appearing in person for related proceedings. Defendants further note that Mr. Wittner never objected to the deposition notice (DE # 23 at 2). Through Mr. Wittner's "total failure to respond," Defendants continue, Mr. Wittner has waived any right to object to the deposition notice. Defendants conclude by denying that Mr. Wittner is entitled to personal delivery of a subpoena pursuant to Federal Rule of Civil Procedure 45, since the notice was properly served on Plaintiff's counsel (DE # 23 at 3).

III.   Analysis

A party to a case may be compelled to testify pursuant to a deposition notice. *See, e.g.*, *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996). An organization-party may be noticed for deposition through two alternative methods pursuant to Federal Rule of Civil Procedure 30(b). Under Rule 30(b)(6), a party may identify the organization as the deponent, and the organization, then, designates employee(s) to testify on its behalf. Alternatively, under Rule 30(b)(1), a party may notice an individual, and if that individual is a director, officer, or managing agent of the organization-party, the individual will be recognized as the party's representative, and the organization will be responsible for producing its representative. *Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, 509 F.2d 577, 578-79 (1st Cir. 1975); *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991); 8A Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2103 n.40 and accompanying text (3d ed. 2010).

In this case, Defendants simply identified Mr. Wittner as the deponent in their notice of deposition. The notice was unclear as to whether Defendants intended to

3

notice Mr. Wittner as an individual or in his official capacity, and Mr. Wittner's current relationship with Plaintiff was not part of the record of this case. At the hearing, however, in lieu of seeking to establish such a record at this time, at the suggestion of the Court, the parties reached an agreement with respect to Defendants' Motion. Therefore, for the reasons stated on the record, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Compel Attendance at Deposition (DE # 18) is **GRANTED, IN PART**. The parties shall confer regarding the outstanding items identified for production in Defendants' Notice of Taking Deposition *Duces Tecum* (DE # 18-1) that have not been mooted by the Court's Final Judgment, which already incorporated an award of attorneys' fees and costs. Mr. Wittner shall produce the outstanding items by July 11, 2011.

2. Mr. Wittner shall appear for a telephonic deposition in his capacity as a corporate representative of Plaintiff. The deposition shall occur after production of the items described below, at a time mutually convenient for the parties, but no later than August 10, 2011. This Order is without prejudice to Defendants' right to seek a subsequent in-person deposition in the Southern District of Florida if the telephonic deposition is inadequate.

3. Defendants request for expenses in connection with their Motion is **DENIED** under the circumstances of the case at this time, without prejudice to renew and seek additional fees and costs if Mr. Wittner does not comply with this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 10, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro,**
  **United States District Judge**
**All counsel of record**